Judge Catshjll,
delivered the opinion of the Court. *
Pickering, living in Pennsylvania, contracted to sell to Sexton, of Frederick county, in this State, his interest in certain lands in that county, for 01000, of which 0400 were to be paid on or before the 15th of August, 1815, and the residue, on or before the 1st of February, 1817. It was stipulated in the articles of agreement, that upon the first payment being made, Pickering was to convey the land with warranty against himself, and all persons, claiming by, through, or under, him. The first payment was made; and it appears, both from the bill and answer, and also from the testimony of two witnesses, that Pickering executed a deed conveying his interest in the lands. It is highly probable that this deed was duly proved and recorded, as to Pickering; for Sexton, in his bill, makes no complaint of the want of a conveyance from Pickering* but complains that Mrs. Pickering had not relinquished her right of dower; and it is evident, both from the bill and answer, that although Sexton received the deed from Pickering, it was received in the perfect understanding between the parties, that Mrs. Pickering was to relinquish her dower, before the second payment. This, however, was not done before that payment, became due. In the *472 mean time, Sexton had made valuable improvements on the land. Pickering brought suit and recovered a judgment for the balance of the purchase money; and Sexton obtained an injunction on two grounds; first, that there had been, a misrepresentation as to the quantity of the land; and secondly, that the dower had not been relinquished. The fact of misrepresention as to quantity, being denied by the answer, and unsupported by testimony, may be regarded as out of the case. It is very clear, however, that it was right t'b award the injunction, on the ground that Mrs. Pickering’s right of dower had not been relinquished. But it is contended, that the dower has been relinquished since, and the deed which Pickering filed with, and made a part of, his answer, is referred to as evidence of the fact. That deed appears to have been duly executed by the wife; and it would be completely effectual for the purposes for which it was intended, if it appeared that the husband also had executed it. The certificate of magistrates of other States, has been sufficient evidence of the execution of a deed by a feme covert, since the act of 1814; but it was not until the law of 1819, that the certificate of such magistrates was made evidence of the execution.of deeds, by other persons than feme coverts. Pickering, in his answer, refers to the deed, as having been executed by his wife; but he does not say that he had executed it; nor is there any proof whatever of its execution by him, except the certificate of magistrates, which, as before observed, could not be received to that effect. Whatever the fact, therefore, may haye been, we can regard this deed as one executed by Mrs. Pickering only. But the deed of a feme covert, to be valid, must be executed by the husband also. We cannot, therefore, say, that Mrs. Pickering has relinquished her dower in this land; and if it was right to award the injunction, on this ground, it was equally proper that it should be continued.
The requisition of bond and security from Pickering, was not sufficient for the purposes of justice, in this case. *473 The land had been greatly improved in value; two witnesses deposing, that Mrs. Pickering’s dower is now worth the price originally contracted to be given for the whole LldLl'
b It may not be improper to observe, that as it appears by sufficient evidence, that the deed was executed by Mrs. Pickering, it would be completely valid as to her, if it had appeared by the testimony of even a single witness, that it had been executed by her husband also.
The order of the Chancellor, dissolving the injunction, is therefore reversed, and the cause remanded, &c.

 Fine Phesibent, ami Judge Carr. aliseci; the latter of whom decided (he eause in the Court Wmr,'