**Alexandria**

SUSAN ROSE O'BRIEN

v.

BOWEN F. ROSE, II

No. 1110-91-4

Decided August 4, 1992

COUNSEL

Albert H. Jacoby, Jr., for appellant.

Gwendolyn Jo M. Carlbert, for appellee.

OPINION

**ELDER, J.**—Susan Rose O'Brien appeals from a ruling by the trial court denying her petition for a modification of her child support obligation. On appeal, she asserts that the trial court erred: (1) in refusing to modify her child support obligation; (2) in not making such a modification effective July 7, 1990, and in denying her motion to amend her petition so as to make any modification effective as of July 1990; (3) in awarding Bowen F. Rose II appellee, attorney's fees; and (4) in declaring that she should borrow money to pay child support. We reverse and remand for the reasons that follow.

The parties to this appeal were divorced on September 27, 1988. At that time, the court ordered that custody of the couple's two children be granted to appellee and that appellant should pay $500 per month in child support.

When appellant moved with her new husband to Thailand in April 1990, she stopped making the court-ordered payments. On July 7, 1990, she wrote to the trial court from her new home, outlining her financial difficulties and explaining why a reduction in child support payments was justified. She also forwarded a copy of this letter to opposing counsel. The court responded with the suggestion that appellant contact appellee's attorney directly.

Appellant filed a petition for modification of child support on December 14, 1990. Thereafter, she filed a motion asking the court for leave to amend the petition so as to make any modification in support payments effective July 1990, the month in which appellant initially wrote to the court. The court heard both the petition and the motion to amend the petition on April 29, 1991, at which time appellant testified in her own behalf. She presented no other evidence.

The court also heard appellee's motion for judgment for delinquent child support in the amount of $6,000, as well as appellee's motion for attorney's fees.

The court denied appellant's motion to amend her petition and declined to order a change in child support. In its final order, the court found that the evidence presented failed to establish a change of circumstances warranting a modification in support payments. The court granted appellee judgment for $6,000 and attorney's fees in the amount of $1,000.

The first issue before this Court is whether the trial court erred in refusing to modify appellant's child support obligation. As an initial matter, we address appellee's contention that, because the child support guidelines were never expressly raised at trial, this Court is barred from reaching the issue of modification. We disagree. This case comes to us pursuant to the trial court's denial of appellant's petition for modification of her child support obligation. Under Virginia law, a trial court may not determine whether such a modification is warranted without first considering whether there has been a change in circumstances. Thereafter, the trial court has the responsibility of applying the legal principles, including application of the support guidelines, to determine whether to modify support and, if so, the amount of the modification. Therefore, appellant need not have made a separate express request to the trial court to consider the support guidelines in or-

der to preserve for appeal whether the court erred in its support modification ruling. Consideration of the support guidelines is an integral part of the trial court's denial of appellant's petition.

The trial court found "no circumstances which justify a modification of the child support and maintenance" awarded by prior order of the court. However, where, as here, a party seeks a change in a child support obligation set by a trial court prior to July 1, 1989, the date after which trial courts were required to presume that the support payments dictated by Code § 20-108.2 are the correct amounts to be awarded, that party need not prove a material or substantial change of circumstances. Instead, the party need only establish a "significant variance" between the presumptive amount of child support under Code § 20-108.2 and the amount originally awarded by the trial court. *See Watkinson v. Henley*, 13 Va. App. 151, 156-57, 409 S.E.2d 470, 473 (1991).

This exception to the general requirement of a showing of a change of circumstances is explained by the fact that, prior to July 1, 1989, application of the guidelines was permissive, not required. Because Code § 20-108.2 was enacted to promote uniformity of support awards, *Richardson v. Richardson*, 12 Va. App. 18, 22, 401 S.E.2d 894, 896 (1991), the threshold for parties seeking modification of support obligations set prior to July 1, 1989, has been altered from a showing of a change of circumstances to a showing of a "significant variance." *Milligan v. Milligan*, 12 Va. App. 982, 988, 407 S.E.2d 702, 705 (1991).

Here, appellant has alleged a significant variance between the child support obligation of $500 per month, set prior to July 1, 1989, and the amount contained in the guidelines, which appellant asserts her unemployment gives rise to.

When courts are called upon to modify child support obligations set prior to July 1, 1989, "[t]he starting point . . . is to compute the presumptive amount using the schedule found in Code § 20-108.2(B)." *Watkinson*, 13 Va. App. at 158, 409 S.E.2d at 473. In this case, appellant has asserted full unemployment and a consequent total lack of income. The trial court may not simply disregard this assertion, if this is what the trial court did, and impute to appellant her income prior to her alleged full unemployment. The court has power to find that the unemployment was voluntarily assumed and impute income. *See Antonelli v.*

*Antonelli*, 242 Va. 152, 155-56, 409 S.E.2d 117, 119-20 (1991). The record, however, must make clear both the fact of such a holding and the evidence substantiating it. Under familiar principles, if such a holding is not in manifest error, it will survive any challenge on appeal. *Steinberg v. Steinberg*, 11 Va. App. 323, 326, 398 S.E.2d 507, 508 (1990).

If the trial court accepts appellant's allegation of full unemployment, it must still turn to the guidelines in order to determine how this fact affects the parties' child support obligations. The dollar amount that results from these calculations is presumptive, and "[n]o additions or subtractions from the gross income . . . may be made *before* this figure is determined." *Richardson*, 12 Va. App. at 21, 401 S.E.2d at 896.

■ The presumptive amount is rebuttable, of course, and the trial court may deviate from it if the court finds that such amount is "unjust or inappropriate." *Watkinson*, 13 Va. App. at 158, 409 S.E.2d at 473-74. Such a finding by a trial court will follow consideration of the presumptive amount of child support "in relation to the factors set forth in Code §§ 20-107.2 and 20-108.1." *Id.* at 158, 409 S.E.2d at 474. However, the trial court must explain in written findings any deviation it finds to be warranted. *Id.* at 159, 409 S.E.2d at 474.

In sum, a trial court may not avoid the statutory mandate by simply concluding, without comment, that circumstances fail to justify a modification in child support. *See Milligan*, 12 Va. App. at 988, 407 S.E.2d at 705. The trial court must identify the presumptive figure, as set out in the guidelines, with which it begins its determination of the appropriate distribution of child support obligations between the parties. It must address what factors, if any, among those set out in Code §§ 20-107.2(2) and 20-108.1 work to rebut that presumptive amount. Only then, by comparing the result of this calculation with the amount of the trial court's previous award, may the court conclude whether there should be a change in the amount of the child support and maintenance previously awarded. If the trial court's award varies from the presumptive amount, written findings must be made of the reasons why application of the guidelines would be unjust or inappropriate.

While it is not necessary to reach the other issues appellant has raised in order to resolve this appeal, they will inevitably arise on

remand. We thus make the following observations.

■ With respect to appellant's contention that the trial court erred in failing to make any modification effective July 7, 1990, we note that this question is governed by statute. Code § 20-108 states in pertinent part that "[n]o support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, *but only from the date that notice of such petition has been given to the responding party." Id.* (emphasis added). The statute makes no provision for such modifications to extend back in time to a unilateral notification of the trial court of a desire to seek a modification of support. Moreover, whether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court. Its decision in this regard will not be disturbed on appeal absent an abuse of discretion.

■ With respect to the issue of attorney's fees, we note that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citation omitted).

Finally, with respect to appellant's contention that the trial court erred when it suggested that appellant could borrow money in order to meet her child support obligation, we note that, if a support order is valid, how the obligor obtains the funds is an issue for the obligor. The mere suggestion that she borrow the money does not constitute error.

For the reasons stated, this matter is reversed and remanded for action consistent with this opinion.

*Reversed and remanded.*

Bray, J., concurred.

Moon, J., dissenting.

I respectfully dissent because the reversal by the majority is on an issue that was not raised in the trial court and, thus, the question may not be raised upon appeal. Rule 5A:18.

When the parties to this case were divorced in 1988, the trial judge had a full hearing and tailored a child support order based upon the unique circumstances of these parties.

Upon the hearing for a modification based upon an alleged change of circumstances, appellant alleged as the change that she had no employment because she had quit her job to follow her husband to Thailand, where she was not qualified for employment. She did not plead or otherwise allege that the old order required her to pay an amount substantially different from that contained in the support guidelines of Code § 20-108.2. At no time in the trial court did appellant refer the trial judge to the guidelines or object to the trial judge's failure to make written findings supporting deviation from the guidelines.

Under analogous circumstances, where a trial judge failed to make specific findings of fact required by Code § 20-107.3 in order to bifurcate the equitable distribution hearing from the divorce hearing, we have held that the failure to object to the court's failure to make findings constituted a waiver of the error. *Erickson-Dickson v. Erickson-Dickson*, 12 Va. App. 381, 404 S.E.2d 388 (1991).

Rule 5A:18 provides that the rule may be waived "[in order] to attain the ends of justice." The majority has made no such finding. Instead, the majority waives the rule because a deviation existed between the support previously ordered and the presumptive amount in the current guidelines. Our Court has previously followed Supreme Court precedent in determining when to waive the rule concerning non-jurisdictional error. *See Mounce v. Commonwealth*, 4 Va. App. 433, 357 S.E.2d 742 (1987); *Brown v. Commonwealth*, 8 Va. App. 126, 380 S.E.2d 8 (1989). I find no case where the Supreme Court or this Court has waived the rule merely because the trial court did not follow a statutory procedure.

In my view, the majority's decision is in direct conflict with Rule 5A:18 and previous decisions construing the rule. For no stated reason, the majority waives the contemporaneous rule for cases involving a trial court's failure to apply properly the child support guidelines.

The trial judge, after finding no change of circumstances, made no findings regarding a new order. However, the record permits an inference that appellant's imputed gross monthly income was $2,000 per month and the appellee's gross income was $4,578 per month. The father testified that the children's actual expenses were $2373 per month. According to the tables of Code § 20-108.2, the presumed support amount is $1414, of which the mother, appellant, should pay $430. If she paid the same percent of the children's actual expenses, $2373 per month, her payment would be $721 per month. She is paying $500 per month under the old order. The record does not affirmatively show that if the court had followed the guidelines in fixing support that the amount of support would be less than $500.

Since I cannot find from this record that there was an obvious miscarriage of justice, I cannot conclude that it is necessary to waive the rule in order to attain the ends of justice. *Mounce*, 4 Va. App. at 434-35, 357 S.E.2d at 743-44; *Brown*, 8 Va. App. at 131-33, 380 S.E.2d at 10-12.

Therefore, I would affirm the verdict.