COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MARY RYDER BRETT

v.   Record No. 1511-95-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
LAWRENCE G. BRETT                               JUNE 4, 1996


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Thomas S. Kenny, Judge

             (Mary Ryder Brett, pro se, on brief).

             No brief for appellee.



     Mary R. Brett (mother) appeals the decision of the circuit

court granting the motion of Lawrence G. Brett (father) to reduce

spousal and child support and deciding other issues.  Mother

raises the following issues on appeal:

    (1)  whether the court erred in granting father's
         motion for reconsideration more than twenty-
         one days after entry of its March 3, 1995
         order;

    (2)  whether the court erred in denying mother's
         motion to dismiss father's motion to reduce
         support where father's motion failed to
         allege a material change in circumstances
         justifying a reduction in support;

    (3)  whether the court erred in denying mother's
         motion to dismiss father's motion to reduce
         support when father was over $66,000 in
         arrearages in spousal and child support;

    (4)  whether the court erred in denying mother's
         motion to reduce arrearages to judgment
         pursuant to terms of final divorce decree;

────────────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(5) whether the court erred in denying mother's motion to dismiss when father failed to appear to testify for nine months;

(6) whether the court erred in refusing to enter as admitted mother's Request for Admissions when father had not responded within twenty-one days, as required by Rule 4:11, and in failing to dismiss father's motion to reduce support;

(7) whether the court erred in denying mother's motion to strike at the June 7, 1995 trial;

(8) whether the court erred in imputing only $30,000 in income to father;

(9) whether the court erred in retroactively modifying child and spousal support beginning August 1, 1994 and prospectively modifying child and spousal support beginning August 1, 1995;

(10) whether the court erred in granting father retroactive relief based upon the filing of the motion despite father's failure to have the motion heard until June 1995;

(11) whether the court erred in finding <u>Antonelli v. Antonelli</u>, 242 Va. 152, 409 S.E.2d 117 (1991) was not applicable;

(12) whether the court erred in failing to state that it considered all the statutory factors before reducing child support; and

(13) whether the court erred in failing to state that it considered all the statutory factors before reducing spousal support.

Upon reviewing the record and opening brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

<u>Motion to Reconsider</u>

In 1993, both parties filed motions in the trial court to

2

modify spousal support. By order dated March 3, 1995, the trial judge memorialized his ruling following a June 25, 1993 hearing "[F]inding no change in circumstances warranting relief by either party," the trial judge denied the motion of both parties."[1] By order dated April 6, 1995, the court granted leave to the father to move for reconsideration of the March 3, 1995 order denying his 1993 motion for a reduction of support. Mother contends that the trial court erred by entering an order granting reconsideration of the March 3 order when it became final, under Rule 1:1, twenty-one days after its entry, which was March 24, 1995.

The record does not contain either a motion to reconsider or a ruling by the trial judge on a motion to reconsider. Therefore, whether or not the trial judge had jurisdiction to grant leave to the father to file a motion to reconsider, no further action occurred. Thus, the appeal raises no justiciable controversy that resulted from entry of the order. Accordingly, the issue is moot. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937); Historic Landmarks Comm. v. Louisa Co., 217

---

[1]    The trial court struck and, thereby, deleted from the original draft order the phrase, "the order of support entered by the Honorable William Plummer October 31, 1991 shall remain in effect." The record shows that at the conclusion of a 1991 hearing on a motion by father to reduce child support, Judge Plummer ordered father to pay $1,000 per month in child support and $200 per month in spousal support. No written order memorializing Judge Plummer's ruling was ever entered. On April 2, 1993, mother filed a motion to increase support noting that Judge Plummer in 1991 set support at $1,200.

Va. 468, 476, 230 S.E.2d 449, 454 (1976).

<u>Motion to Dismiss</u>

Mother raises several challenges to the trial court's denial of her motion to dismiss father's 1994 motion to reduce support. Mother contends father failed to allege a material change in circumstances justifying a reduction in support. Father's motion alleged that, following a job loss, his income was reduced to $185 per week in unemployment benefits. Father also alleged that mother's income exceeded his, alleviating the need for spousal support. Those were sufficient allegations of a change in circumstances to withstand a motion to dismiss.

Mother argues that laches should have barred the court from hearing father's motion because father never intended to appear to testify in support of his motion. "[L]aches has been defined as an omission to assert a right for an unreasonable time and unexplained length of time, under circumstances prejudicial to the adverse party," <u>Finkel Outdoor Products, Inc. v. Bell</u>, 205 Va. 927, 933, 140 S.E.2d 695, 699 (1965), or as "'such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim, and declines to assert his right.'" <u>Pittman v. Pittman</u>, 208 Va. 476, 479, 158 S.E.2d 746, 749 (1968) (citation omitted). Whether to apply laches to an equitable claim is a matter left to the discretion of the trial court. In light of father's residence in Arizona, his loss of employment, and his subsequent hospitalization, the trial court could reject mother's contentions that father never intended to

appear.  Accordingly, we cannot say the trial court abused its discretion in denying mother's motion to dismiss.

Request to Reduce Arrearages to Judgment

On March 30, 1995, mother filed a show cause petition seeking to hold father in contempt for failing to pay $2,400 a month in spousal and child support since July 1991.  In her supporting affidavit, mother asserted that the last order of child and spousal support entered by the court was the September 18, 1990 final decree of divorce, which set child and spousal support at $1,200 each.  Mother's affidavit noted that father complied with the order until July 1991, then paid $1,200 per month for the period from July 1991 to July 1994, $185 per month from August 1994 through November 1994, and $50 per month for December 1994 until March 1995.  The trial judge granted mother's rule to show cause and a hearing was held on April 6, 1995.  The trial judge then denied mother's request to enter judgment on the alleged arrearages.

The trial court did not err in denying mother's request for support arrearages.  The record demonstrates that, after the entry of the final decree in 1990, both parties filed motions to adjust support.  These motions were heard by Judge Plummer on October 31, 1991.  The transcript of that hearing indicates that the trial judge reduced the amount of spousal support to $200 and the amount of child support to $1,000.  No written order incorporating the trial judge's ruling was ever entered.

After Judge Plummer set $1,200 as the total amount of support, the parties conducted themselves according to that order. Mother's affidavit in support of her show cause petition acknowledged that father paid $1,200 per month for the period July 1991 through July 1994. Thus, mother's own evidence indicates that father was paying $1,200 in 1993 when Judge Kenney found that circumstances did not warrant changing the current amount of support. While Judge Kenney's order did not indicate the level of either spousal or child support which father was then obligated to pay, both parties' motions indicated that the amount of spousal support was $200. Mother's motion also stated that the amount of child support was $1,000. Therefore, we cannot say that the trial judge erred in denying mother's request for arrearages attributable to the period prior to July 1994.

Moreover, under Code § 20-108, support "may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party." "Whether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992). By motion filed July 28, 1994, father sought to decrease child support and terminate spousal support based upon his loss of employment on June 15, 1994. We cannot say the trial court abused its discretion by modifying the amount

7

of spousal and child support effective upon the filing of father's 1994 petition to reduce support. Therefore, the trial judge's denial of mother's requests for arrearages attributable to the period after July 1994 was also not clearly erroneous.

## Request for Admissions

The trial court is granted discretionary authority over the conduct of discovery. <u>Helen W. v. Fairfax County Dep't of Human Dev.</u>, 12 Va. App. 877, 887, 407 S.E.2d 25, 31 (1991). Mother has not shown that the court abused its discretion in declining to accept as admitted 205 items which composed mother's Request for Admissions. The mother's allegation that father's answers were one day late does not prove the trial judge abused his discretion.

## Modification of Child Support

We review the evidence in the light most favorable to father, the party prevailing below. "The judgment of a trial court sitting in equity, when based upon an <u>ore</u> <u>tenus</u> hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it." <u>Box v. Talley</u>, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986). "Where a party has demonstrated a material change in circumstances, the trial court must determine whether that change justifies a modification in the support award by considering 'the present circumstances of both parties and the benefit of the children.'" <u>Watkinson v. Henley</u>, 13 Va. App. 151, 156, 409 S.E.2d 470, 473 (1991) (citation omitted).

8

Father testified that his income was substantially reduced when he lost his job in June 1994, and that he did not voluntarily leave his position in Washington or his position with an Arizona law firm. While the record indicates father lost his Washington job due to poor performance, his subsequent employment with the Arizona firm was at a higher salary. Father's evidence, which the trial court found to be credible, indicated that father made good faith efforts to find work to supplement his unemployment benefits and sought to ameliorate his lost income by obtaining a real estate license. The trial court noted that father filed his motion to reduce support promptly upon losing his position in June 1994. The record demonstrates that the trial court considered the circumstances of the parties and the expenses for the children before reducing the amount of child support to $300 a month for the period from August 1, 1994 through August 1, 1995. This determination is supported by credible evidence.

The trial court imputed annual income of $30,000 to father. A trial court's decision to impute income will not be reversed if it is supported by the evidence. O'Brien v. Rose, 14 Va. App. 960, 963-64, 420 S.E.2d 246, 248 (1992) (citations omitted). Mother relies upon Antonelli v. Antonelli, 242 Va. 152, 409 S.E.2d 117 (1991), to argue that the trial court erred in not imputing more income to father. In Antonelli, the father left a salaried management position with one stock brokerage firm to

take a commissioned sales position with a different firm several months before a precipitous drop in the stock market. Id. at 153, 409 S.E.2d at 118. The Supreme Court noted that "the father gambled with the children's ability to receive his financial support, and lost." Id. at 156, 409 S.E.2d at 119. In contrast, here the trial court determined that father did not voluntarily take a risk which placed the children's payments in jeopardy. Antonelli does not preclude a payor spouse from ever receiving a reduction in support obligations when there have been unforeseeable changes in employment and corresponding reductions in salary.

Based upon the actual and imputed income, both parties had $30,000 in annual income. The trial court used these figures to set the amount of child support effective August 1, 1995, pursuant to the statutory guidelines. The guidelines are presumed to be correct. Code § 20-108.2(A). Therefore, as credible evidence supports the court's findings and the amount of child support was set pursuant to statutory guidelines, we find no error in the trial court's decision.

### Modification of Spousal Support

Under Code § 20-109, the court is authorized to "increase, decrease, or terminate spousal support and maintenance . . . as the circumstances may make proper." Mother contends that the trial court erred in failing to state that it considered the statutory factors, presumably the factors set out in Code

10

§ 20-107.1, prior to reducing the amount of spousal support. The court is required to consider the statutory factors when the amount of spousal support is initially determined. Subsequently, a party seeking to modify support must prove "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

The trial court found mother's current income to be $30,000. Mother alleged that she had $500 in monthly student loan payments coming due and a personal injury affecting her vision for which the prognosis was unknown. Mother did not demonstrate that her vision currently affected her earning ability. The court found that the circumstances of the parties warranted a reduction in spousal support to $100 for the period beginning August 1, 1994, and the discontinuance of spousal support as of August 1, 1995. Its findings are supported by credible evidence.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.