COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


KATHLEEN CAPENOS BARRETT

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2506-09-1                          PER CURIAM
                                                       APRIL 20, 2010
DAVID J. KANTZ


                    FROM THE CIRCUIT COURT OF YORK COUNTY
                           E. Preston Grissom, Judge Designate

             (Kathleen C. Barrett, *pro se*, on brief).  Appellant submitting on
             brief.

             No brief for appellee.


        Kathleen C. Barrett (mother) appeals an order of the trial court granting her motion for a

modification in the parties' child support award.  On appeal, mother contends the trial court erred

by:  (1) failing to make the modified child support payments retroactive to the date she filed her

motion for modification; (2) failing to order David J. Kantz, father, to pay the orthodontic expenses

for the child, E.K.; and (3) calculating the amount father must pay for the orthodontic expenses of

the child, D.K.  We affirm the trial court's decision on (1) and (2), reverse its decision on (3), and

remand for further proceedings.

                                          Background

        The parties married in 1992 and had two children during the marriage, D.K and E.K.  At the

time of the hearings, D.K was fifteen years old and E.K. was twelve years old.  The parties divorced

in 2004.  Father had primary physical custody of the children until December 2008.  By order

entered on January 28, 2009, the trial court awarded mother primary physical custody of the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

children. The trial court also ordered, in consideration of an agreement between the parties, that mother would forego receiving child support from father for a period of twelve months from the date of the hearing, January 13, 2009, barring any change in circumstances.

In March 2009, mother filed in the juvenile and domestic relations district court (the JDR court) a motion to amend or review the child support provision. The JDR court denied the motion, and mother appealed the issue to the trial court on May 8, 2009. In addition, mother filed a motion asking the trial court to order father to pay a portion of the children's upcoming orthodontic expenses.

After hearing evidence at hearings held on September 8, 2009 and October 13, 2009, the trial court found that "father ceased cooperating with the current counselor in co-parenting counseling as recommended, attributing to his failure to exercise visitation with the children as scheduled by the prior order, a factor constituting the sole change in circumstances justifying modification of the prior order." The trial court ordered father to pay mother a monthly child support payment of $1,286, commencing on December 1, 2009. In addition, the trial court denied mother's request that the child support award be retroactive to the date she filed her motion for modification.

At the hearings, the trial court received evidence documenting the need for orthodontic treatment for both children. The financial agreement documents showed that the estimated post-insurance cost of D.K's treatment was $4,255, payable in installments for twenty months. The trial court found that D.K.'s need for orthodontics was "more urgent" than that of E.K. The trial court ordered that in the event that D.K. received orthodontic treatment beginning no later than February 1, 2010, father shall pay to the orthodontist $128 per month commencing on February 15, 2010 for a total payment of $2,825. In addition, the trial court found that orthodontic treatment for

E.K. was not "urgently needed or compelling at this time such as to justify an additional expense at this time." Thus, the trial court did not order father to pay for orthodontic treatment for E.K.

Mother appealed the trial court's decision to this Court.

Analysis

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). Thus, on appeal, mother bears the burden of proving the trial court abused its discretion.

Mother contends the trial court erred by failing to make the modified child support payments retroactive to the date she filed her motion for modification.

"The court may . . . revise and alter . . . [a child support] decree . . . as the circumstances of the parents and the benefit of the children may require." Code § 20-108. Code § 20-108 further provides that: "No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party."

"Whether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992). The parties had agreed that mother would forego child support payments until January 2010, barring a change in circumstances. Although the trial court found a change in circumstances, under the circumstances of this case, we cannot say the trial court abused its discretion in ruling that the support payments would commence on December 1, 2009.

Mother also argues the trial court erred by not ordering father to pay for the orthodontic treatment expenses for the younger child, E.K.

Code § 20-108.2(D) provides that:

> Except for good cause shown or the agreement of the parties, in addition to any other child support obligations established pursuant to this section, any child support order shall provide that the parents pay in proportion to their gross incomes, as used for calculating the monthly support obligation, any reasonable and necessary unreimbursed medical or dental expenses that are in excess of $250 for any calendar year for each child who is the subject of the obligation.

Mother, as the party seeking recovery for unreimbursed expenses in the trial court, bore the burden to show these expenses were reasonable and necessary. Code § 20-108.2(D). Further, on appeal, mother has the burden of proving the trial court's factual findings were plainly wrong or without evidence to support them. Jennings v. Jennings, 12 Va. App. 1187, 1189, 409 S.E.2d 8, 10 (1991); Code § 8.01-680.

The trial court considered the recommendation of the children's orthodontist as to the needs of each child. The trial court found that D.K.'s need for orthodontic treatment was "more urgent" than the need of E.K. for orthodontic treatment. It further found that E.K.'s orthodontic treatment was not "urgently needed or compelling at this time." Thus, on this record, the trial court impliedly found that it was the orthodontist's recommendation that D.K.'s treatment was necessary while E.K.'s treatment was not necessary at this time.

We cannot say the trial court erred in construing the orthodontist's recommendation. The children's orthodontist noted that because of D.K.'s age, treatment should begin "relatively soon." While treatment for E.K. was "recommended," there is no such indication that it was "necessary." Thus, relying on the orthodontist's recommendation, the trial court made a factual determination that E.K.'s treatment was not necessary. We cannot say the trial court erred as a matter of law in making such a determination.[1]

_____

[1] Should E.K. undergo orthodontic treatment at a later time, nothing in this opinion should be interpreted as preventing mother from seeking reimbursement for that cost pursuant to

Mother contends the trial court erred in calculating the amount of father's monthly obligation for the orthodontic treatment for D.K. The written statement of facts states that the trial court found father was responsible for 67.6% of the total unreimbursed cost of the orthodontic treatment for D.K. In the October 20, 2009 order, the trial court ordered father to pay the orthodontist $128 per month for a total payment of $2,825. However, the figures on the "Orthodontic Financial Agreement" document for D.K. do not comport with the trial court's calculations contained in the order. Because the trial court incorrectly calculated father's monthly obligation for D.K.'s orthodontic treatment, we reverse this portion of the trial court's order and remand the case to the trial court for the recalculation of father's support obligation for the orthodontic treatment for D.K.

For these reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>

---

Code § 20-108.2(D), assuming the trial court determines the cost of that treatment to be reasonable and necessary.

Frank, J., concurring, in part, and dissenting, in part.

I concur with the majority opinion that the trial court did not err in not retroactively modifying child support to March 2009 and that the trial court erred in calculating father's monthly payment for orthodontic treatment. However, because I believe the trial court misapplied the facts to the statutory requirements of Code § 20-108.2(D), I respectfully dissent.

Dr. Thomas W. Butterfoss, D.M.D., opined that treatment for E.K. should begin "now, in order to take advantage of his growth potential . . . ." Nothing in the doctor's letter suggested it would be appropriate to delay E.K.'s orthodontic treatment.

Nevertheless, the trial court concluded that the need for the eldest child's treatment was more urgent than E.K.'s. Further, the trial court stated that E.K.'s treatment "is not urgently needed or compelling at this time such as to justify an additional expense at this time." No evidence supports this conclusion, nor does the statute allow the trial court to consider the relative needs of the children's competing medical interests.

As stated in the majority opinion, Code § 20-108.2(D) mandates any child support shall provide for a proportional payment for "any reasonable and necessary unreimbursed medical or dental expenses . . . ." Neither party questions the reasonableness of the orthodontic charges. The only issue is whether that expense for E.K. is "necessary." "Necessary" is defined as "of, relating to, or having the character of something that is logically required." Webster's Third New International Dictionary 1510 (1993). "Urgent" is defined as "calling for or demanding immediate attention." Id. at 2521.

The mandatory language of Code § 20-108.2(D) is clear. Other than by agreement of the parties, or for good cause shown, the trial court, upon a finding that the medical or dental treatment is "reasonable and necessary," must apportion costs of such treatment. The language of the statute is not permissive, but is mandatory.

The trial court made a factual finding E.K.'s orthodontic care was not "urgently needed . . . ." This finding is plainly wrong and without evidence to support that finding. <u>See Carter v. Thornhill</u>, 19 Va. App. 501, 509, 453 S.E.2d 295, 300 (1995). To the contrary, Dr. Butterfoss opined E.K's treatment should begin "now" and explained the need for the immediate treatment. Further, the trial court did not find such treatment was not necessary, only that it should be delayed.

I disagree with the majority's conclusion that the trial court "impliedly found" that E.K.'s treatment was not necessary at this time. We must look to the trial court's finding that the treatment was not "urgent," hardly a finding, either express or implied, that such treatment is not necessary.

I would find the trial court erred in not following the mandate of Code § 20-108.2(D). I would remand for the trial court to determine if the requirements of that section have been met.