COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Beales and Senior Judge Annunziata


VINOD VIJAY JONATHAN

                                                    MEMORANDUM OPINION[*]
v.      Record Nos. 0264-11-4 and 0693-11-4            PER CURIAM
                                                    NOVEMBER 8, 2011
SHIREEN JOANNA JONATHAN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

(Michael A. Ward, on brief), for appellant.

(Raj Dua; Nong, Dua & Patel, LLC, on brief), for appellee.


        Vinod Vijay Jonathan (father) appeals a child support order.  Father argues that the trial

court erred by (1) allowing the modification of the parties' agreement as it related to child support;

(2) reserving Shireen Joanna Jonathan's (mother) right to seek spousal support arrearages prior to

July 31, 2009, when she previously waived spousal support and subsequently remarried; and

(3) holding that the child support would be retroactive to June 23, 2010, as opposed to December 2,

2009, when father filed his motion.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that father and mother married in December 1997 and divorced in June 2009. They had three children born of the marriage.

Initially, mother had custody of the children; however, in July 2009, the parties agreed that father would have custody of the children. The juvenile and domestic relations district court entered an order revising custody, but the order did not mention child support. In late July 2009, the parties entered into an agreement to terminate father's child support obligation and submitted the agreement to the court for entry into an order; however, the court did not enter the order until March 23, 2010.[1]

On December 2, 2009, father filed a "Renewed Motion for Entry of Order of Child Support and for Attorney's Fees and Costs." Father requested that the trial court order mother to pay him child support. He obtained posted service on mother at an address where she no longer lived and had not lived for several months.

On June 23, 2010, father filed a motion for child support, and said motion was served on mother.

On September 24, 2010, the parties agreed to the terms of a *pendente lite* child support order, which was entered December 14, 2010, *nunc pro tunc* to September 27, 2010.

After three days of evidence and argument, the trial court made its ruling from the bench and issued a handwritten order on January 20, 2011.[2] The trial court entered a subsequent order on March 11, 2011, to encompass all of its rulings from the previous hearing and establish the new child support award. This appeal followed.

---

[1] There is no indication in the record as to why the order was not entered until March 23, 2010.

[2] Appellant filed a transcript for the January 20, 2011 hearing only. Appellant did not file a transcript or written statement of facts for the hearings that occurred on December 2, 2010, and December 15, 2010.

ANALYSIS

Rule 5A:20

For his first two issues, father argues that the trial court abused its discretion when it modified the parties' September 24, 2010 agreement as to the child support figures and when it gave mother a reservation to seek spousal support arrearages prior to July 31, 2009.

The parties' September 24, 2010 agreement was incorporated into a *pendente lite* order, and in determining the final child support order in January 2011, the trial court held that the child care costs and health care costs had changed since the parties' September 2010 agreement.

The trial court also found that mother's "claim for arrearages for child support and spousal support due to her prior to July 31, 2009, was not before this court and is reserved for argument at a later date without prejudice."

In his brief, father restated his argument and the trial court's rulings, but did not offer any legal authority to support his argument. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider the first two assignments of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Date of retroactivity of child support

Father argues that the trial court abused its discretion by holding that mother's child support obligation would begin June 23, 2010, as opposed to December 2, 2009.

"[W]hether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court. Its decision in this regard will not be disturbed on appeal absent an abuse of discretion." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992).

Father filed his "renewed motion" for child support on December 2, 2009. He obtained posted service on mother. However, the trial court found that there was "fraudulent notice to the mother. Because notice was sent to an address where he knew fully well she was no longer residing." Father had mother served at an apartment that she had not lived in since June 2009. The trial court found that father was "well-aware of the fact" that mother was not living in that apartment and that "father was less than credible about his knowledge as to her actual whereabouts." Furthermore, the trial court found that by providing "a known bad address to counsel," he committed a fraud on his counsel, fraud on mother, and fraud on the trial court. The trial court held that "the notice is ineffective, and has no legal effect whatsoever in light of that deception."[3]

---

[3] Father did not appeal the trial court's finding that the notice to mother was ineffective and constituted a fraud on the trial court.

The trial court also stated that when the March 23, 2010 order was entered, it terminated father's child support obligation, and "even if there had been notice on 12/2/10, or 12/2/09, of an intent to modify, that was wiped when the court entered the order 3/23/10."

Therefore, according to the trial court, the next motion to modify child support was served on June 23, 2010, and that date "is the effective date for any retroactivity on the child support payments."

Father argues that the child support should have been retroactive to the date of filing of the motion to modify child support, or December 2, 2009. He cites Code §§ 20-108 and -108.1 to support his argument. However, Code § 20-108.1 applies to initial petitions for child support, not modifications of child support. See Cirrito v. Cirrito, 44 Va. App. 287, 309-10, 605 S.E.2d 268, 278-79 (2004) ("Code § 20-108.1 controls the award of child support payments. . . . Under Code § 20-108, the legislature gave the trial court the discretion in modifying support during the pendency of the petition. Such is not the case in Code § 20-108.1."). Code § 20-108 provides that "[n]o support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party."

Accordingly, the trial court did not abuse its discretion in holding that mother's child support obligation would commence on June 23, 2010.

### Attorney's fees and costs

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we deny mother's request for fees. Since mother has prevailed in this appeal, we summarily deny father's request for attorney's fees. Rogers v. Rogers, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

We deny both parties' requests for appellate attorney's fees and costs.

<u>Affirmed.</u>