COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Huff and Senior Judge Clements


RICHARD DICKOVER

MEMORANDUM OPINION[*]
v.      Record No. 2174-11-2                            PER CURIAM
                                                        APRIL 17, 2012
SHARON SEATON


FROM THE CIRCUIT COURT OF HANOVER COUNTY
J. Overton Harris, Judge

(Richard A. Dickover, *pro se*, on brief).

No brief for appellee.


Richard Dickover appeals from orders relating to the termination of his spousal support obligation and award of attorney's fees to Sharon Seaton.  Dickover argues that the trial court erred by (1) setting the date of termination to the date of the hearing, as opposed to the date of the filing of the motion and (2) awarding Seaton $500 in attorney's fees.  Upon reviewing the record and opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

Dickover and Seaton married on November 24, 1979 and divorced on September 22, 1997.  As stated in the final decree of divorce, the trial court awarded Seaton spousal support in the amount of $1,200 per month.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Since the entry of the final decree, Dickover filed numerous motions to reduce spousal support.[1]  On February 8, 2010, Dickover filed a motion to terminate spousal support, which the Hanover County Juvenile and Domestic Relations District Court denied.  Dickover appealed to the circuit court.  After several continuances, the trial court heard the matter on July 1, 2011.  The trial court terminated Dickover's spousal support obligation as of July 1, 2011, the date of the hearing.[2]  The trial court subsequently held that Dickover owed $500 to Seaton's counsel for attorney's fees.  Dickover objected and filed a motion to reconsider, which the trial court denied.  This appeal followed.

ANALYSIS

Date of termination of spousal support

Dickover argues that the trial court erred in setting the termination date for spousal support as of the date of the hearing, as opposed to the date of the filing of his motion.

Code § 20-112 states:

> When the proceedings are reopened to increase, decrease or terminate maintenance and support for a spouse . . . , the petitioning party shall give such notice to the other party by service of process or by order of publication as is required by law.  Except as provided by § 20-110, no support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given to the responding party.

"Whether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court."  O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992).

---

[1] See Dickover v. Seaton, Record No. 1843-05-2 (Va. Ct. App. May 16, 2006).

[2] The trial court also determined the amount of arrears that Dickover owed.

The trial court had the authority to determine the effective date for the termination of spousal support. It could be "any period during which there is a pending petition for modification in any court." Code § 20-112. In deciding to make the effective date as of the date of the hearing, the trial court noted that Dickover "has been litigious and he has not been successful, all the way to the Court of Appeals, and he has made her incur significant attorney's fees for which I'm sure she still owes money. And therefore, I'm going to see that, in equity, that she is able to recover . . . ." Based on the above, the trial court decided to terminate Dickover's spousal support obligation as of the date of the hearing.

The trial court did not abuse its discretion in holding that the termination of Dickover's spousal support obligation would be July 1, 2011, the date of the hearing.

Attorney's fees

Dickover argues that the trial court erred in awarding Seaton $500 in attorney's fees because the amount was excessive and the trial court failed to recognize the financial status of the parties. He also contends he substantially prevailed in the trial court and had no reason to delay the filing of the order.

The trial court awarded $500 to Seaton for her attorney's fees at a hearing on September 28, 2011. The record does not include a copy of a transcript or written statement of facts from that hearing. See Rule 5A:8. The order states that the trial court heard evidence and argument on the issue of attorney's fees and found that Dickover "unreasonably delayed the execution" of the spousal support order. Pursuant to Rule 1:13, the trial court waived Dickover's endorsement to the order awarding attorney's fees.

Dickover filed a motion to reconsider the trial court's rulings, and for the issue regarding attorney's fees, stated, "The Petitioner [Dickover] has to this date not received the order for payment of attorney's fees to Ms. Seaton in the amount of $500.00 and requests the court review

it [sic] determination of attorney's fees based on the non responsiveness [sic] of counsel in this matter." He does not specifically challenge the trial court's award of attorney's fees based on the arguments presented on appeal. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.").

Furthermore, Dickover failed to cite any legal authorities to support his argument. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

"Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Based on appellant's failure to comply with the rules of this Court, we will not consider the second assignment of error.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.