**Salem**

VERNON MAXWELL CALVERT, JR.

v.

KATHLEEN MAY McCLAUGHLIN CALVERT

No. 0693-93-3

Decided August 9, 1994

COUNSEL

Margaret K. Garber (Harvey S. Lutins; Lutins and Shapiro, on brief), for appellant.

Edwin C. Stone (Stone, Hamrick, Harrison & Turk, on brief), for appellee.

OPINION

**ELDER, J.**—Vernon Maxwell Calvert, Jr., husband, appeals the trial court's spousal and child support awards to Kathleen May McLaughlin Calvert, wife. On appeal, he contends that the trial court erred in determining husband's annual income to be $50,000 in calculating child and spousal support, and in reclassifying a portion of the spousal support award as child support in order to lessen the tax consequences to wife. For the reasons that follow, we reverse and remand to the trial court for further proceedings.

## I.

The parties married in 1967 and had three children, two of whom were emancipated at the time of the divorce. They separated on August 20, 1990, and wife filed for divorce on February 8, 1991. Both parties hold master's degrees. Wife works as a teacher. Until 1986, husband worked as an assistant hospital administrator, earning about $40,000 per year. At the time, the couple's combined income was more than $60,000. Husband voluntarily quit his job, "retir[ing] at age 43," stating that he "would much rather make non-taxable income."

In calculating spousal and child support, the commissioner noted that wife had urged him to impute income to husband based on his voluntary underemployment. The commissioner concluded "that it is not necessary to impute income to him. . . . [I]t appears that [husband] has a high degree of financial expertise . . . and business acumen, and . . . is capable of earning at least $50,000 per year at whatever business or profession he would set his mind to." After examining husband's income tax returns for the years through 1990, the commissioner found that husband's "income would be at least $50,000.00." In 1986, for example, his gross income from his administrative position and car wash earnings was $59,442. In calculating husband's income for 1987 to 1990, the commissioner considered income from gain, depreciation, business loss, section 179 expenses, interest income, and refinancing of the marital home. Using income levels of $30,500 for wife and $50,000 for husband, the commissioner calculated child support under the guidelines to be $827 per month. However, based on the standard of living of wife and child during the marriage and previous agreement for the payment of $1200 per month, all of which was designated as child support, the commissioner recommended that the payments of $1200 be reapportioned at $1150 per month child support and $50 spousal support. The trial court agreed, noting that it was

> appropriate to deviate from the guidelines because [husband] does not now have taxable income. . . . [Establishing] child support at a higher level and alimony at a lower level at the present time . . . [will] minimize income taxes payable by [wife]. If [husband] begins to earn taxable income, he may petition this Court to revise the requirement for child support payments.

Husband excepted to the commissioner's report and the final decree.

## II.

## A.

 Husband contests the method used to determine his income in calculating child and spousal support. Decisions concerning both types of support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence. *Young v. Young*, 3 Va. App. 80, 81, 348 S.E.2d 46, 47 (1986) (child support); *Collier v. Collier*, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986) (spousal support). "In awarding spousal support, the chancellor . . . is guided by the . . . factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion." *Collier*, 2 Va. App. at 129, 341 S.E.2d at 829. In addition, "[t]hose spouses deemed entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage, but their needs must be balanced against the other spouse's financial ability to pay." *Dukelow v. Dukelow*, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986).

 The procedure for calculating child support is somewhat more rigid. In all such proceedings originating after July 1, 1989, the court must apply the provisions of Code §§ 20-107 and 20-108, which require calculation of a "presumptive" amount of child support as a percentage of the parents' combined gross monthly incomes. *See, e.g., O'Brien v. Rose*, 14 Va. App. 960, 963, 420 S.E.2d 246, 248 (1992). Code § 20-108.2 establishes a rebuttable presumption that this percentage is appropriate under the circumstances, and if the trial judge wishes to deviate from the presumptive amount for any of the reasons set forth in Code § 20-108.1, he or she must make findings of fact to justify the deviation. *O'Brien*, 14 Va. App. at 964, 420 S.E.2d at 248-49.

 Under either statutory scheme, a court may impute income to a party who is voluntarily unemployed or underemployed. *See* Code §§ 20-107.1(1), 20-108.1(B)(3); *Cochran v. Cochran*, 14 Va. App. 827, 830, 419 S.E.2d 419, 421 (1992); *Srinivasan v. Srinivasan*, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990). Imputation of income is based on the principle that a spouse

should not be allowed to choose a low paying position that penalizes the other spouse or any children entitled to support. *See Cochran*, 14 Va. App. at 830, 419 S.E.2d at 421; *Srinivasan*, 10 Va. App. at 734, 396 S.E.2d at 679.

In this case, the commissioner's findings as to husband's income are ambiguous. After stating that he was "of the opinion that it is not necessary to impute income to [husband]," the commissioner asserted that husband "is capable of earning at least $50,000.00 per year at whatever business or profession he would set his mind to." The commissioner then found, based on an examination of husband's application for a margin share trading account and his income tax returns for 1986 to 1990, that "husband's actual income would have been over $50,000.00 each year." In performing these calculations, the commissioner found that husband's income for 1986—had he worked a full year as a hospital administrator rather than only ten months—would have been $59,442.00. In essence, in regard to 1986, the commissioner imputed income to husband for the period after which he quit his job. In calculating husband's income for 1987 to 1990, however, there is no indication that the commissioner imputed income to husband; rather he classified, as income, depreciation and certain expenses deducted by husband on his federal income tax return in order to obtain the $50,000 figure.

■ Code § 20-108.2(C), which specifies income that shall be considered gross income for purposes of determining child support, includes "all income from all sources." By definition and under Code § 20-108.2(C), business expenses and depreciation are not income. The statute expressly provides that reasonable business expenses shall be deducted from income for a self-employed person in determining gross income.[1] We do not here decide whether the court should allow a reasonable deduction for depreciation; we decide only that depreciation is not gross income within Code § 20-108.2(C). Thus, because the trial court erred by classifying depreciation and certain business expenses as income, we remand to the trial court for recalculation of husband's actual or imputed income.

---

[1] Code § 20-107.1(1), which relates to spousal support, states only that the court shall consider "[t]he earning capacity, obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans."

## B.

■ We also conclude that the trial court erred in characterizing the vast majority of the award as child support so that husband was obligated to pay taxes on a greater portion of it. The commissioner calculated child support under the guidelines to be $827 and set the total award at $1200, which resulted in a spousal support award of $373. Under this scheme, wife would have been obligated to pay taxes on the $373 in spousal support, and the husband would have been obligated to pay taxes on the $827 in child support. *See* 26 U.S.C. § 71. In order to reduce wife's tax burden, the court deviated upward from the presumptive amount of child support and classified $1150 of the total sum as child support so that wife was obligated to include only $50 of the support payments in her taxable income. The income tax burden of an award of *spousal support* is not an acceptable justification for deviating from the presumptive amount of *child* support. *See Floyd v. Floyd*, 17 Va. App. 222, 231-32, 436 S.E.2d 457, 463 (1993); *Dietz v. Dietz*, 17 Va. App. 203, 207, 436 S.E.2d 463, 466 (1993). In fashioning the spousal support award, the trial court was, of course, free to provide wife with a larger dollar amount so that she would have the necessary funds with which to meet her tax burden. *See Dietz*, 17 Va. App. at 207, 436 S.E.2d at 466.

For these reasons, we reverse the trial court's support awards and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

Coleman, J., and Koontz, J., concurred.