## CIRCUIT COURT OF FAIRFAX COUNTY

Lewis Clifford Meyers, Jr.

v.

Deborah Sebrina Meyers

July 18, 1995

Case No. (Chancery) 139654

BY JUDGE STANLEY P. KLEIN

This matter is presently before the Court on complainant Lewis Clifford Meyers, Jr.'s (Meyers) Motion to Reconsider the Court's *pendente lite* order entered June 19, 1995. Relying principally upon the Court of Appeals decision in *Calvert v. Calvert*, 18 Va. App. 781 (1994), Meyers argues that the Court erred in calculating his income pursuant to § 20-108.2 of the Code. For the reasons hereinafter set forth, the motion to reconsider is denied.

The Court held a *pendente lite* hearing in this matter on June 9, 1995. It was basically uncontested that Deborah Sebrina Meyers (Mrs. Meyers) is not employed and has no present income. Meyers is the sole owner and operator of a paving, hauling, and excavation business. The Court determined that Meyers' income was approximately $2,538.00 per month, by deducting from his gross income all of the deductions set forth on Schedule C of his 1994 tax return, except for $11,091.00 of car and truck expenses (Schedule C, Part II, Item 10) and $775.00 for legal and professional services (Item 17). Other than the introduction of the tax returns filed by the parties in 1993 and the tax return prepared by Meyers' accountant for 1994, no evidence was presented as to any of the expenses of Meyers' business. In fact, when asked by his own attorney to explain the $11,091.00 for car and truck expenses, Meyers was unable to do so.

Section 20-108.2 of the Virginia Code requires calculation of child support through use of the gross income of the parties. That section defines gross income as all income from all sources. However, the gross income of a self-employed individual is to be subject to "deduction of reasonable business expenses . . . ." Virginia Code § 20-108.2(C). Meyers erroneously equates *reasonable business expenses* with *allowable* tax *deductions*. *See Buchanan v. Buchanan*, No. 0235-93-4, slip op. (Va. App., Aug. 2, 1994) (unpublished). No evidence was presented at the *pendente lite* hearing that any of the expenses set forth on Meyers' Schedule C were reasonably necessary *cash expenditures*. Meyers argues that it is unfair to place the burden of proof on him to establish the reasonableness of his claimed business expenditures. The Court disagrees. It is Meyers who runs this self-owned business, and he is clearly in a much better position to establish the reasonable or unreasonable nature of any claimed expenses than his wife could possibly be. To place upon her the burden of establishing that his claimed tax deductions do not represent reasonable business expenditures would place an impossible burden on a party who has no knowledge of the necessity for such expenditures. Accordingly, this Court holds that the party claiming the expense bears the burden of proving its reasonableness pursuant to § 20-108.2(C).

Meyers' reliance on the decision in *Calvert v. Calvert* is also misplaced. In *Calvert*, the trial judge seemingly classified as income certain depreciation and expenses set out by the husband on his income tax return. *Id.* at 785. The Court of Appeals ruled that such depreciation was not income. However, within the same paragraph of its opinion, the Court of Appeals specifically noted that it was *not* ruling that a reasonable deduction for depreciation should be allowed under § 20-108.2(C). At the *pendente lite* hearing herein, this Court did not add $11,091.00 to the plaintiff's income as alleged in the motion to reconsider; it disallowed a total of $11,841.00 in proposed deductions from gross income for insufficiently explained claimed expenses.

Meyers also argues that the Court was in error in concluding that he had failed to establish that the $11,091.00 claimed in Item 10 of Schedule C was a reasonable business expense. Even if no depreciation was included in the Item 10 figure, it still does not establish that the claimed sum represented *actual* out of pocket expenses. A taxpayer has the choice of deducting actual expenses *plus depreciation* for automobile or truck expenses on a Schedule C, or deducting twenty-nine cents per mile for business miles driven. Meyers presented no evidence whether he chose

this latter "paper loss" method of calculating his truck expenses. This Court holds that in at least the *pendente lite* context, "paper deductions" such as depreciation, or standard mileage deductions, where no out-of-pocket expenditures are in fact made, are not reasonable business expenses under § 20-108(C) of the Code. To allow such deductions in my view would fail to provide children with adequate support in those cases, such as the case herein, where the incomes of the parents are insufficient to meet the children's basic needs. As Meyers had the burden of establishing the reasonableness of his car and truck expenses, it was entirely proper for the Court to disallow the claimed car and truck expense of $11,091.00.

In his motion, Meyers does not argue that the $775.00 disallowance from legal and professional services was improper.

As the Court believes that its determination of Meyers' gross income for *pendente lite* purposes was consistent with the evidence presented at the hearing and the applicable law, the motion to reconsider is denied.[1]

---

[1] In his motion, Meyers also argues that he was "unable to fully articulate in his seven minute presentation to the Court, as allowed by the Fairfax County rules, exactly what the full $11,091.00 consisted of as business expenses . . . ." The Court's *pendente lite procedures* were not the reason why Meyers was unable to articulate his claimed expenses. Upon questioning of the expenses by his own counsel, he was unable to recollect any of the expenses except for a repair bill of between $2,000.00 and $3,000.00. If anything, the procedures were of benefit to Meyers as they were the only basis for him to introduce the 1994 proposed tax return into evidence without the preparer being present. But for the procedures, the court would have been required to find his gross income to be in excess of $74,000.00.