COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Annunziata and Lemons
Argued at Alexandria, Virginia

NOMI TASLITT

MEMORANDUM OPINION[*] BY
v.   Record No. 2724-98-4          JUDGE LARRY G. ELDER
                                        DECEMBER 7, 1999
CRAIG E. O'CONNOR


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

> Stephen G. Cochran (Karen P. Power; The
> Jefferson Law Firm, P.L.C., on brief), for
> appellant.
>
> Alan B. Plevy (Smolen & Plevy, P.C., on
> brief), for appellee.


Nomi Taslitt (wife) appeals from the decision of the

Fairfax County Circuit Court determining the obligation of

Craig E. O'Connor (husband) for child support and his

entitlement to spousal support.  On appeal, wife contends the

court erroneously failed to include in husband's gross income

various sums, including amounts received from his mother and

from the corporation of which he is the sole owner.

Specifically, she argues that the court erroneously (1)

classified certain sums as loans to the corporation rather than

as gifts to him; (2) shifted to her the burden of proving the

"reasonable business expenses" to be deducted from gross

--------

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

corporate revenue; and (3) refused to include in husband's gross income amounts he received from the corporation as loan repayments and amounts he withdrew from corporate receipts to pay his personal expenses. She also seeks an award of attorney's fees and costs on appeal. We hold that, once wife offered evidence of husband's gross corporate revenue, husband bore the burden of establishing reasonable business expenses to be deducted from that revenue. However, we hold that husband met that burden and that the trial court did not abuse its discretion in calculating the challenged spousal and child support obligations. Therefore, we affirm the trial court's decision.

"Decisions concerning both [spousal and child] support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994). "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it." Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998). In computing a party's gross income from which child support obligations are calculated, Code § 20-108.2(C) requires the inclusion of "all income from all sources." Such income includes salaries and gifts but "shall be subject to deduction of reasonable business

-

expenses for persons with income from self-employment, a partnership, or a closely held business."  Code § 20-108.2(C). A court determining spousal support also shall consider all income of the parties.  See Code § 20-107.1 ("If the court determines that an award [of spousal support] should be made, it shall, in determining the amount, consider . . . [t]he earning capacity, obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature . . . .").

We conclude, based on the evidence in the record, that the trial court did not abuse its discretion in determining husband's gross income for purposes of calculating spousal and child support.  No evidence in the record compels a conclusion that husband's income was higher than the $1,448 per month he reported receiving in salary from the corporation and the $37,093 he received from mother in 1997, which the trial court found to be a gift properly includable in his gross income. These sums support the $54,468 annual income figure which the trial court calculated for husband.  Rather than using wife's figures for the total funds deposited in 1996 and 1997 into accounts to which husband had access, figures wife agreed may not have accurately represented his income, the trial court expressly considered husband's corporate income and expense statements for January through April 1998.  Those statements

-

reflect an average monthly sum to which husband had access of $1,362.81, which is lower than the monthly income figure of $1,448 that husband reported on his personal income and expense statement.

Wife contends the trial court abused its discretion in failing to include in husband's gross income $22,000 husband received from accounts he held jointly with his mother, which wife contends was given with no expectation of repayment. We disagree. Whether the payments were loans or gifts was a question within the discretion of the trial court to resolve based on its perception of the credibility of the witnesses. See Douglas, 28 Va. App. at 525, 507 S.E.2d at 102. Husband offered evidence that the payments were loans, and it was within the discretion of the trial court to accept this testimony. That husband was not required to pay interest on the loans, made no repayments of principal, and had no notes memorializing the loans is not dispositive. In wife's favor, the trial court ruled that husband received an additional $37,093 from mother in 1997 and that this sum, part of which went directly to pay his expenses, constituted a gift properly includable in his gross income. We hold the trial court did not abuse its discretion in holding that the $22,000 in payments to the corporation constituted loans.

Wife also contends the trial court abused its discretion by disregarding her evidence that, in both 1996 and 1997, more than

-

$300,000 was deposited into bank accounts husband owned or controlled.  She argues that the trial court erred by, in effect, placing the burden on her to prove the amount of "reasonable business expenses" to be deducted from this figure.

We agree with wife that husband, as the sole Buggie Barn shareholder, bore the burden of establishing reasonable business expenses to be deducted from gross corporate income figures for purposes of calculating his gross income.  See Code § 20-108.2(C); see also Code § 20-107.1.  However, we disagree with wife's argument that the trial court improperly shifted this burden to her.  As set out above, the trial court expressly considered husband's corporate income and expense statements for January through April 1998.  The trial court, in its role of assessing witness credibility, was entitled to believe husband's evidence of income and expenses for this period of time, despite wife's claim of an absence of sufficient underlying documentation, and to extrapolate from this evidence husband's income for the years 1996 and 1997.

Extrapolation from 1998 gross corporate revenue supports the conclusion that husband's 1996 and 1997 gross corporate revenue yielded similar net income for husband in 1996 and 1997.  First, although wife claimed husband had access to over $300,000 deposited into his bank accounts in each of the years 1996 and 1997, the bank accounts wife examined to arrive at these figures included accounts on which husband's mother also was a

-

signatory.  In holding that the sums husband received from these accounts in 1997 were loans and gifts from mother, the trial court implicitly found that the accounts belonged to mother and that deposits could not properly be categorized as income to husband.  Such findings were within the court's discretion.  Wife conceded at oral argument before this Court that subtraction of the amounts deposited into the accounts on which husband was merely a signatory and subtraction of the amounts classified as loans to husband or the corporation would result in gross income to husband of approximately $150,000 in 1996 and $200,000 in 1997.  Extrapolating from gross corporate revenue of $49,935.76 for the first four months of 1998, anticipated gross corporate revenue for all of 1998 would be approximately $150,000.  Therefore, the evidence of corporate income for 1996, 1997 and a portion of 1998 supports the trial court's finding that, for purposes of calculating spousal and child support, husband's average monthly income from the corporation was $1,448, as he represented on his income and expense statement.

Finally, wife contends the trial court erroneously failed to include in its calculation of husband's gross income money he received from the corporation in 1996 in the form of loan repayments and money he withdrew from corporate receipts that same year in order to pay personal expenses.  Again, we disagree.  In calculating husband's income received from the corporation, the trial court relied on income and expense

-

figures from 1998, which purportedly showed all payments to and withdrawals by husband during that period of time, regardless of their characterization. Based on deficiencies in the evidence regarding corporate expenses for previous years, the trial court did not abuse its discretion in refusing to consider amounts husband may have received from corporate revenues in 1996 when it calculated his gross income for purposes of orders entered in 1998. Furthermore, as discussed above, an extrapolation from 1998 revenue indicates that gross corporate revenues for 1996 equaled those projected for 1998, when husband's net monthly income from the corporation was actually lower than the amount listed on his income and expense statement. Therefore, evidence in the record concerning 1996 would not require a finding that husband's income was higher at that time.

We hold that the trial court did not abuse its discretion in crediting husband's personal income and expense statement and corporate records for January through April 1998, coupled with evidence of monetary gifts he received in 1997, in calculating his gross income for purposes of determining spousal and child support. For these reasons, we affirm the ruling of the trial court and deny wife's request for attorney's fees and costs on appeal.

Affirmed.

-