COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


GEORGE P. BROOKS
                                     MEMORANDUM OPINION*
v.   Record No. 1810-00-1                 PER CURIAM
                                       JANUARY 9, 2001
CAROLE W. BROOKS


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Alan E. Rosenblatt, Judge

               (Carl W. Isbrandtsen; Carl W. Isbrandtsen,
               P.C., on brief), for appellant.

               (Barry Dorans; W. Brantley Basnight, III;
               Wolcott, Rivers, Wheary, Basnight & Kelly,
               P.C., on brief), for appellee.


     George P. Brooks (husband) appeals from a final decree of

divorce entered by the Circuit Court for the City of Virginia

Beach (circuit court).  He contends the circuit court erred in

setting the amount of spousal support and child support payable to

Carole W. Brooks (wife).  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the judgment of the circuit

court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Background

The parties were married on June 29, 1974.  Wife worked full-time as a school teacher until 1977, at which time she quit to stay home with the couple's eldest daughter.  Except for working briefly part-time when the couple's first child was a baby, wife did not work outside the home during the marriage.

After the parties separated in January 1997, wife went back to school to renew her teaching certificate.  As of the date of the hearing before the circuit court, wife was apparently eligible to be, but had not yet been, re-certified.  Although wife conceded that she could earn $27,500 as a teacher, there was no evidence presented regarding the availability of teaching positions in wife's field (English and drama).

In support of her request for spousal support, wife prepared a statement of expenses, which included a number of expenses related to the couple's children, one of whom was away at college.  Excluding expenses related to the daughters and including the expense of purchasing a new car, wife calculated her monthly expenses to be approximately $4,800.[1]

In the last full year before the parties separated, husband earned $202,966.74.  At the commissioner's hearing, husband

---

[1] This figure did not include an allowance for the taxes wife would have to pay on the alimony.  On a March 10, 1999 expense statement, wife estimated that her annual income taxes would be $6,835.  This is apparently the amount of taxes she anticipated paying on the $5,850 per month spousal support she requested.

-

testified that his monthly income was $26,668. By the time of the circuit court hearing, husband's monthly income had risen to approximately $31,166.

Husband's expert witness, Mark DesRoches, testified that a person could expect a rate of return of 7% in a reasonably safe investment "in this market."[2] Wife testified that she had no experience in investing. Husband conceded that, recently, many of his investments had rates of return significantly lower than 7%.

Noting that wife was not yet certified as a teacher and the absence of evidence regarding available employment, the commissioner recommended that income not be imputed to wife for the purpose of calculating spousal support. The commissioner found that wife's listed monthly expenses--including an allowance for the purchase of a new car, but excluding expenses related to the daughters--were reasonable. The commissioner in chancery recommended that wife be awarded $5,000 per month in spousal support "under present circumstances, i.e., prior to the allocation of assets under equitable distribution."

The commissioner found that the monthly child support obligation of the parties was $1,457 (excluding health insurance coverage). The commissioner recommended husband to pay 81% of this amount, or $1,148. In calculating this amount under the

---

[2] DesRoches testified on May 11, 1999.

-

child support guidelines, the commissioner did not impute any income to wife, although he did factor in wife's $5,000 monthly spousal support.

After the commissioner issued his report, but prior to the hearing before the circuit court, the parties reached an agreement regarding equitable distribution of the marital property. As part of that agreement, husband agreed to pay wife $550,000.

The circuit court found that the parties were equally responsible for the breakup of the marriage. The court agreed with the commissioner's finding that income should not be imputed to wife. Although agreeing that wife would eventually have to obtain employment, the court found that wife was not yet re-certified as a teacher and there was no evidence that she would be successful in seeking employment at that time. The court also agreed with the commissioner's finding regarding the reasonableness of wife's claimed expenses, commenting that they were "relatively modest for the parties under these circumstances."

In deciding the amount of spousal support, the circuit court indicated that it was considering husband's significant ability to pay, as well as the lifestyle to which the parties became accustomed over nearly twenty-three years of marriage. The court also stated that it was considering the award wife received as a result of the equitable distribution agreement,

noting that "without the settlement, the amount of spousal support the Court would have awarded Mrs. Brooks would be significantly higher."

The circuit court rejected appellant's assertion that it should, in essence, "impute" investment income to wife at a 7% rate of return on the equitable distribution payment. The court questioned whether someone without experience in investing could expect such a rate of return. The court stated that investment income could not be imputed to wife until she had a "track record" with investing the equitable distribution monetary award.

The court concluded: "Considering all of these factors and all of the other statutory factors, I think that the amount of support that was set by the commissioner, $5,000 is still a reasonable and appropriate amount."

## Spousal Support

Husband contends the circuit court erred in 1) awarding spousal support to wife without considering the equitable distribution award; 2) failing to impute investment income to wife based on a 7% rate of return on wife's equitable distribution cash award; 3) assessing wife's needs and expenses; and 4) not imputing wage income to wife. We disagree.

On appeal, we view the evidence in the light most favorable to the party prevailing below. Piatt v. Piatt, 27 Va. App. 426, 430, 499 S.E.2d 567, 569 (1998). "We accord great deference to

-

the trial court's findings of fact and will not disturb them unless they are plainly wrong or without evidence to support them." Vissicchio v. Vissicchio, 27 Va. App. 240, 249-50, 498 S.E.2d 425, 430 (1998).

"A spouse's entitlement to support and the amount of the award are matters within the sound discretion of the trial court. In determining the amount of an award, the court must consider all of the factors set forth in Code § 20-107.1." Stubblebine v. Stubblebine, 22 Va. App. 703, 707, 473 S.E.2d 72, 74 (1996) (en banc) (citation omitted). "When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).

A.  Failure to Consider Equitable Distribution Award

In determining the amount of support one spouse should pay another, a circuit court must consider any equitable distribution award made pursuant to Code § 20-107.3. Code § 20-107.1(E)(8).

The circuit court specifically stated that it was considering the equitable distribution award in determining wife's entitlement to spousal support. Indeed, the court stated that it would have awarded even more spousal support, but for the size of wife's equitable distribution award. Especially considering the great disparity between husband's income and

-

wife's earning potential, we cannot say the circuit court abused its discretion.

## B.  Imputing Investment Income

"[A] trial court is not required to accept the opinion of an expert.  'It is well established that the trier of fact ascertains [an expert] witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony.'"  Piatt, 27 Va. App. at 434-35, 499 S.E.2d at 571 (citations omitted).

Although DesRoches testified that one could expect a 7% rate of return for money invested in reasonably safe investments, husband conceded that many of his investments had failed to reach that benchmark and wife testified that she had no experience in investing money.  Moreover, the circuit court did not find that wife's investment income could never be considered.  Rather, the court concluded that DesRoches' estimates were excessive under the circumstances and that it would be too speculative to estimate what rate of return wife might eventually earn on her money.  The court did not abuse its discretion, therefore, in refusing to impute investment income to wife.

## C.  Assessment of Wife's Needs and Expenses

A circuit court's award of spousal support "should not be interfered with by an appellate court unless it is clear that

-

some injustice has been done." Papuchis v. Papuchis, 2 Va. App. 130, 133, 341 S.E.2d 829, 831 (1986).

The evidence proved that husband's income was significant and more than sufficient to pay the spousal support award. Wife had given up her career to stay home with the couple's children and had been out of the work force, for all intents and purposes, for twenty-three years. Furthermore, the evidence proved that wife made substantial non-monetary contributions to the family during the marriage. The trial court found that wife's needs were modest--especially compared with the standard of living the parties enjoyed during the last years of the marriage. We cannot say that this decision was plainly wrong or that the court abused its discretion in weighing the statutory factors.

Appellant complains that the circuit court improperly considered expenses related to the couple's children in determining the amount of support to which wife was entitled. There is nothing in the record supporting this assertion. Indeed, the commissioner stated that he was specifically not considering expenses related to the daughters. Moreover, husband was responsible for only 81% of the child support obligation calculated under the statutory schedule. Thus, wife was directly responsible for a percentage of expenses related to

-

the youngest child and the court was entitled to consider this fact in fashioning a spousal support award.[3]

### D.   Imputing Wage Income to Wife

"[A] court may impute income to a party who is voluntarily unemployed or underemployed.  Imputation of income is based on the principle that a spouse should not be allowed to choose a low paying position that penalizes the other spouse or any children entitled to support."  Calvert v. Calvert, 18 Va. App. 781, 784-85, 447 S.E.2d 875, 876-77 (1994) (citations omitted). "[I]n setting support awards, [a court] must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future."  Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990).  Where a spouse has not worked during a marriage and where there is no evidence that she has unreasonably refused employment, a trial court does not abuse its discretion by granting that spouse a reasonable period of time to secure employment before imputing income.  See id.

At the time of the hearing, wife was not yet re-certified to teach and there was no evidence that she had refused any offers of suitable employment.  The circuit court recognized that wife would eventually have to go back to work.  We cannot say the court abused its discretion by refusing to impute income

---

[3] Based on the commissioner's calculations, wife's "share" of the child support obligation was $309 per month.

-

to wife before she had a reasonable period of time to re-enter the job market.

## Child Support

Husband contends that the circuit court erred in determining his child support obligation due to its failure to impute income to wife. For the same reasons the circuit court did not abuse its discretion in refusing to impute income for purposes of calculating spousal support, the court did not abuse its discretion in calculating the parties' child support obligations.

Accordingly, for the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.