COURT OF APPEALS OF VIRGINIA


Present: Judge McClanahan, Senior Judges Coleman and Annunziata


KAREN A. DELUCA

v.      Record No. 1741-04-4

DENIS KATCHMERIC

MEMORANDUM OPINION[*]
PER CURIAM
MAY 10, 2005


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

(Karen A. DeLuca, *pro se*, on briefs).

(Michael A. Ward, on brief), for appellee.


Karen A. DeLuca (wife) appeals a decision of the trial court concerning equitable

distribution and spousal support awards. Wife raises thirty-six issues on appeal. Denis Katchmeric

(husband) raises three issues on appeal concerning the spousal support award to wife. Husband also

requests an award of attorney's fees and costs incurred in this appeal. Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily

affirm the decision. See Rule 5A:27.[1]

The parties married in 1984 and separated in 2001. They had no children. Husband is in

"relatively good" health, and wife contends she has had significant health problems for years.

However, none of wife's witnesses testified that she is disabled or unable to work. Wife also has a

law degree and was once licensed to practice in Pennsylvania and Virginia. Husband worked

throughout the marriage and supported the family. Wife worked as a paralegal for about one year

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband has filed two motions to dismiss. We deny those motions.

and worked at several other jobs, but had not worked outside of the home for the last ten years of the marriage.

The trial court found that husband's monetary contributions to the marriage were "far more substantial" than wife's. It also found that wife's efforts in handling the family finances, drafting correspondence, and conserving and investing the marital income were more substantial than husband's. The trial court found that although husband's activities outside the marriage resulted in negative non-monetary contributions, wife's "inability or refusal to cope with her health problems" was also a negative contribution to the marriage. The trial court divided the marital assets equally, and it awarded wife $900 per month in spousal support.

Wife appeals the equitable distribution and spousal support awards, and husband appeals the spousal support award.

Wife raises thirty-six issues on appeal. The first twenty issues are under the heading "With Respect to Findings of Fact" and the last sixteen issues are under the heading "With Respect to Procedural Issues." Under the heading "With Respect to Findings of Fact," wife presents no legal authority in support of the arguments numbered 3, 7, 8, 9, 11, 13, and 14. Therefore, we will not consider these issues on appeal. Rule 5A:20(e). Similarly, under the heading "With Respect to Procedural Issues," wife presents no legal authority in support of arguments numbered 1, 2, 3, 5, 6, 7, 9, 10, 11, 12, 13, 14, and 16. We will not consider these issues on appeal. Id.

Under the heading "With Respect to Findings of Fact," wife presents no argument or authority for issues numbered 16, 17, and 19. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Accordingly, we will not address these issues on appeal.

Wife argues the trial court erred by not assigning a value to the personal property husband removed from the marital residence in 2002 and by not attributing a value to husband for that property when making the distribution of marital assets. She also contends the trial court erred by assigning $10,000 worth of personal property to her.

Husband testified at the hearing that the only furniture and furnishings he wanted were the items he removed from the residence in October 2002, with the exception of two souvenirs he wanted to obtain from the residence. Husband also submitted a Personal Information Schedule indicating that the parties had $10,000 worth of personal marital property. The trial court accepted husband's valuation evidence and awarded this personal property to wife. Wife submitted no evidence of the value of the parties' personal property, and she provides no specific information in her brief as to the nature or value of the items she alleges husband removed from the marital residence in 2002. It is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [wife's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

The "value of property is an issue of fact, not of law." Howell v. Howell, 31 Va. App. 332, 340, 523 S.E.2d 514, 518 (2000). We will not disturb a trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence. Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997). Further, absent clear evidence to the contrary in the record, the judgment of a trial court comes to an appellate court with a presumption that the law was correctly applied to the facts. Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977). We cannot say the trial court erred in accepting husband's valuation of the personal property where wife presented no evidence to dispute this valuation.

Wife asserts the trial court erred by using various dates to determine the value of the marital assets.

Code § 20-107.3(A) provides, in pertinent part, as follows:

> The court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue. Upon motion of either party made no less than 21 days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used.

Again, wife presented no evidence to dispute husband's evidence concerning the value of the marital assets, whereas husband presented numerous statements concerning the balances in the parties' bank and investment accounts. Husband also testified as to changes in the value of the accounts since the date of the last statements. "In challenging the court's decision on appeal, the party seeking reversal bears the burden to demonstrate error on the part of the trial court." Barker v. Barker, 27 Va. App. 519, 535, 500 S.E.2d 240, 248 (1998). Moreover, wife did not make a motion after the evidentiary hearing requesting that a different valuation date be used. Accordingly, the trial court did not err in accepting husband's valuation evidence.

Wife argues the trial court erred by classifying husband's inheritance as his separate property. Husband presented evidence that he inherited money from his father's estate and received two cash gifts from his father. Husband testified that he put the money from the inheritance and gifts into two of his investment accounts, the Nuveen Muni A & B accounts and the Saratoga account, and he had not contributed any other funds to these accounts. Code § 20-107.3(A)(1) provides that "[s]eparate property is . . . all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party . . . ." These circumstances allowed the court to trace the husband's accounts contribution back to separate property. Accordingly, the trial court did not err in its classification of this property.

Wife asserts the trial court erred by dividing the marital assets 50/50 where husband's conduct contributed to the depletion of the marital assets.

- 4 -

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Indeed,

> [u]nless it appears from the record that the [court] has abused [its] discretion, that [it] has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [its] resolution of the conflict in the equities, the [court's] equitable distribution award will not be reversed on appeal.

Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987) (superceded by statute on other grounds). "The trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Anderson v. Anderson, 29 Va. App. 673, 686, 514 S.E.2d 369, 376 (1999).

The trial court accepted husband's Personal Information Schedule as to the value and classification of the assets. Wife presented little, if any, evidence to dispute husband's evidence concerning the marital and separate property of the parties. Furthermore, the trial court found that husband made more substantial monetary contributions to the marriage, while wife made more non-monetary contributions to the marriage. Although the trial court indicated husband's activities outside the marriage "resulted in negative non-monetary contributions," it also found that wife's "inability or refusal to cope with her health problems" contributed negatively to the marriage. In addition, the trial court stated in its opinion letter that it considered all the factors set forth in Code § 20-107.3(E) in rendering its decision. The factual predicates for the trial court's decision are valid, and the court's exercise of discretion is sound. Therefore, we find no error in the trial court's equitable distribution award.

Both parties challenge the trial court's spousal support award.

"In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties. [The trial court] is guided by the . . . factors that are set forth in Code § 20-107.1." Joynes v. Payne, 36 Va. App. 401, 419, 551 S.E.2d 10, 19 (2001). Although its findings "must have some foundation based on the evidence presented," id., "'[w]hether and how much spousal support will be awarded is a matter of discretion for the trial court.'" Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (citation omitted). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (citation omitted).

The record reveals the trial court carefully considered all the evidence and the applicable statutory factors. The trial court specifically stated that it accepted the testimony from Anthony Bird, a vocational rehabilitation consultant, concerning wife's income capacity. Wife has a law degree, but is not currently licensed to practice law. Bird testified that a conservative estimate of wife's earnings as a paralegal is $40,000 per year. Wife presented evidence of her physical limitations, which the trial court considered in making its ruling. However, none of wife's witnesses testified wife is unemployable or unable to work.

"[A] court may impute income to a party who is voluntarily unemployed or underemployed. Imputation of income is based on the principle that a spouse should not be allowed to choose a low paying position that penalizes the other spouse . . . ." Calvert v. Calvert, 18 Va. App. 781, 784-85, 447 S.E.2d 875, 876-77 (1994) (citations omitted).

> Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children."

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (citation omitted).

"Imputation of income is within the trial [court]'s discretion . . . ." Sargent v. Sargent, 20 Va. App. 694, 704, 460 S.E.2d 596, 601 (1995).

Considering Bird's testimony and wife's evidence of her physical limitations, the trial court did not abuse its discretion by imputing $20,000 in annual income to wife. Furthermore, while wife did not submit a monthly income and expense statement, the trial court referred to the current mortgage payment for the marital residence, wife's tax returns, information contained in husband's income and expense statement, and evidence concerning the parties' lifestyle while married in determining wife's needs. In addition, it was within the trial court's discretion not to make the award of a defined duration. See Code § 20-107.1(C). "'[S]pousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances.'" Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (citation omitted). We conclude that the trial court did not abuse its discretion in making the spousal support award.

Wife contends the trial court erred by refusing to admit into evidence "charts" she made showing her daily physical problems and a notarized document wife submitted to husband's employer. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Wife represented to the trial court that the "charts" showed dates the parties argued and the physiological effects wife asserted the arguments had on her. The "notarized document" contained wife's allegations concerning husband's activities both within their relationship and outside of the marriage. In addition to being hearsay, the evidence was not relevant to the proceedings on equitable distribution and

spousal support. Accordingly, the trial court did not abuse its discretion in refusing to admit the evidence.

Wife contends the trial court erred by not allowing husband to testify concerning certain discovery. The trial court sustained husband's objection to wife's questioning about some of his discovery responses concerning his expenses after the separation. These questions concerned restaurants husband visited and whether he owned a lawn mower. This evidence was not relevant to the issues of spousal support and the distribution of the parties' assets. Therefore, the trial court did not err in this ruling.

Wife asserts the trial court erred by not addressing her objections to the Commissioner's report. However, wife's brief fails to show where in the record she presented this argument to the trial court. See Rule 5A:20. The pages cited by wife in her opening brief do not contain her arguments to the court concerning this issue. If the issue was raised before the trial court, we will not search the record for where the objection was made and argued. Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

Husband requests attorney's fees and costs incurred in this appeal. Upon consideration of the entire record in this case, we hold that husband is entitled to a reasonable amount of attorney's fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Accordingly, we remand this case to the trial court solely for a determination of those fees and costs.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed and remanded.