COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judge Haley and Senior Judge Coleman

STANLEY HUBBARD

v.       Record No. 1433-08-2

CYRENNE HUBBARD

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 18, 2008

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

(Julie M. Cillo; Hall & Hall, PLC, on briefs), for appellant.

(Scott D. Cardani; Cardani Law Firm, PC, on brief), for appellee.


Stanley Hubbard (husband) and Cyrenne Hubbard (wife) were divorced on May 16, 2008. Husband argues that the trial court erred by (1) not limiting the duration of the spousal support award; (2) not imputing income to wife for spousal support purposes; (3) not imputing income to wife for child support purposes; (4) failing to give husband credit for payments he made on the marital liabilities during separation; (5) dividing the marital property based on the current values; and (6) not awarding husband more than 50% of the assets since he paid toward the marital liabilities during the separation. Upon reviewing the record and briefs of the parties, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

Husband and wife were married on August 13, 1994, separated on September 5, 2006, and divorced on May 16, 2008. The parties have four minor children, who ranged in age from

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

two to ten at the time of separation. Wife is a stay-at-home mother and has been out of the workforce for over ten years. The parties agreed to a shared custody arrangement.

During the separation, husband paid the mortgage and household expenses, as well as the marital credit cards.

The trial court awarded wife $2,500 per month in spousal support with an undefined duration. The trial court did not impute income to wife. Husband requested a credit for the payments he made toward the marital debt, but the trial court declined to do so and instead divided the marital assets and debts equally. Husband timely noted his appeal.

ANALYSIS

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

Duration of spousal support

Husband argues that the trial court should have awarded wife a spousal support award with a defined duration. Wife was thirty-seven years old at the time of the final hearing, and she was in good health. The parties' youngest child is expected to enter kindergarten in 2010. Wife has a college degree and worked full-time prior to the birth of her children. Wife hopes to return to work after her youngest child enters school and she receives the necessary training.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

The trial court also has discretion in determining whether to award spousal support with a defined duration. See Code § 20-107.1(C) ("The court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments for a defined duration, or in

periodic payments for an undefined duration, or in a lump sum award, or in any combination thereof.").

"Code § 20-107.1(F) specifically requires that in a contested case, the trial court shall provide written findings and conclusions identifying the statutory factors that support the court's ruling on a request for spousal support." Robinson v. Robinson, 50 Va. App. 189, 195, 648 S.E.2d 314, 317 (2007).

Here, the trial court explained in detail its spousal support award by examining each factor of Code § 20-107.1(E). The trial court explained that the parties agreed that wife would leave the workforce to take care of the children, which she has been doing for over ten years. The trial court also stated that the "care of the children will necessitate the [wife's] continued absence from the workforce . . . . The parties' custody arrangement and the father's work requirements will necessitate a great degree of parental oversight."

Considering the parties' circumstances, the trial court did not abuse its discretion in awarding wife spousal support with an undefined duration.

### Imputing income

Husband argues that the trial court erred by not imputing income to wife for spousal support and child support purposes. He presented evidence to show that wife earned $30,000 per year when she left the workforce, and he argued that this amount should be imputed to her.

> In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed. See Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994); Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72, 75 (1996) (*en banc*). Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must 'consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the

> parents and the children.' Niemiec v. Commonwealth, 27
> Va. App. 446, 451, 499 S.E.2d 576, 579 (1998).

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999).

Husband presented evidence that wife had a college education and worked earlier in the marriage, earning $30,000 per year at her last full-time job. She explored teaching as a potential job once the youngest child entered school, but she would need two years of training. Husband argued that the trial court should have imputed $30,000 per year income to wife because she is young and capable of working.

A court may impute income based on "evidence of recent past earnings." Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993). Wife testified that the last time that she worked full-time was over ten years ago, and that was when she was earning $30,000 per year. Wife has not worked full-time in over ten years, so there was no "evidence of *recent* past earnings." Id. (emphasis added).

Citing Srinivasan v. Srinivasan, 10 Va. App. 728, 396 S.E.2d 675 (1990), husband argues that wife has the duty to earn as much as she can, so that her spousal support need is reduced. See id. at 734, 396 S.E.2d at 679 ("one who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need").

"Neither Srinivasan nor any other Virginia case has held that, for purposes of calculating spousal support, a stay-at-home spouse capable of working must go to work immediately after the divorce trial or face a judicially imposed imputation of income." Brandau v. Brandau, 52 Va. App. 632, 640, 666 S.E.2d 532, 536 (2008).

"Furthermore, in determining whether to impute income, the circuit court 'must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future, not to what may happen in the future.'" McKee v. McKee, 52 Va. App. 482,

490, 664 S.E.2d 505, 509 (2008) (quoting Srinivasan, 10 Va. App. at 735, 396 S.E.2d at 679 (internal quotations omitted)).

"The party seeking the imputation is required to present evidence 'sufficient to enable the trial judge reasonably to project what amount [of income] could be anticipated.'" Id. at 491, 664 S.E.2d at 510 (quoting Joynes v. Payne, 36 Va. App. 401, 421, 551 S.E.2d 10, 20 (2001)). See also Bennett v. Commonwealth, 22 Va. App. 684, 693, 472 S.E.2d 668, 672-73 (1996).

Husband presented evidence of wife's income from ten years ago, but there was no evidence concerning the level of income she could expect with her current circumstances. She still had a young child at home, and she expected that she would need an additional two years once he entered school to obtain a teaching certificate. Her future employment is speculative. The trial court held that wife's obligations to her children meant that it was unrealistic for her to work at this time.

Husband also argues that income should be imputed to wife for child support purposes; however, like spousal support, the decision to impute income to a parent for child support purposes is discretionary. See Calvert, 18 Va. App. at 784, 447 S.E.2d at 876. The child support guidelines are presumed to be correct, but courts may deviate therefrom to impute income to a parent. Code §§ 20-108.1 and 20-108.2.

"Income may not be imputed to a custodial parent who stays home to care for a child, if the 'child is not in school, child care services are not available and the cost of such child care services are not included in the computation.'" Brody, 16 Va. App. at 650, 432 S.E.2d at 22 (quoting Code § 20-108.1(B)(3)).

Husband presented no evidence of any child care services being available and what the cost would be. In fact, the parties had agreed that wife would stay home with the children, at least until they entered school.

The trial court did not abuse its discretion in refusing to impute income to wife.

Marital liabilities

Husband argues that the trial court erred in not giving him credit for paying marital liabilities during the separation or for awarding him more of the assets. During the separation, husband paid the mortgage, household expenses, and marital credit cards.

In fashioning an equitable distribution award, the court must consider the factors in Code § 20-107.3(E). One of the factors for the court to consider is the monetary and nonmonetary contributions of the parties in maintaining the marital property. Code § 20-107.3(E)(2). In classifying the property, the court shall determine whether a party has proved that separate property has been traced out of commingled property. Code § 20-107.3(A)(3)(d-g).

Husband presented evidence of how much marital debt he paid during the separation. He requested a dollar-for-dollar credit for the increase in the equity in the home and the payment of marital debt. A court is not required to give a dollar-for-dollar credit for payment of debts out of separate property. Von Raab v. Von Raab, 26 Va. App. 239, 250, 494 S.E.2d 156, 161 (1997) (citing Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989)).

If the court were not willing to order a dollar-for-dollar credit, then husband sought more than 50% of the assets to offset his payment of the marital debt.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan, 10 Va. App. at 732, 396 S.E.2d at 678 ).

Here, the trial court stated that it considered all of the factors in Code § 20-107.3(E) and ordered equal division of the parties' assets and debts. The trial court declined to award a credit to husband for payments on the "pre-divorce debt."

The evidence reflects that the trial court considered all of the factors and declined to award husband more than 50% of the assets. The court also chose to use the current values of the marital debt for the division of debt, as opposed to using the date of separation and giving husband a credit for the monies he paid.

"Subject to these enumerated statutory factors [in Code § 20-107.3(E)], 'this division or transfer of jointly owned marital property, [the apportionment of marital debts,] and the amount of any monetary award, is within the sound discretion of the trial court.'" Von Raab, 26 Va. App. at 246, 494 S.E.2d at 159 (quoting Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993)).

The court did not abuse its discretion in determining its equitable distribution award.

CONCLUSION

The trial court's rulings on the issues of spousal support, child support, and equitable distribution are summarily affirmed. Rule 5A:27.

Affirmed.