COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Beales and Senior Judge Clements

NICAISE SOLET BOKASSA

MEMORANDUM OPINION*
v.      Record No. 0152-13-4                                                PER CURIAM
                                                                    SEPTEMBER 17, 2013
MARIE YOKOWO BOKASSA

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Mary Grace O'Brien, Judge

(Nicaise Solet-Bokassa, *pro se*, on brief).

No brief for appellee.

Nicaise Solet Bokassa (father) appeals the final order from the circuit court ordering him to

pay Marie Yokowo Bokassa (mother) $1,000 per month in child support. Father argues the trial

court erred (1) by deviating from the shared custody child support guidelines, (2) by failing to

impute mother with income of at least the minimum wage, and (3) by deviating from the shared

custody child support guidelines and granting mother $1,000 per month in child support. Upon

review of the record and the opening brief, we conclude this appeal is without merit. Accordingly,

we summarily affirm the decision of the trial court. See Rule 5A:27.

ASSIGNMENTS OF ERROR 1 AND 3

Father argues the trial judge improperly deviated from the shared custody support guidelines

because he shares equally with mother in the custody of their children. Father also argues the trial

judge improperly deviated from the shared custody support guidelines because mother received

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

financial gifts from friends, mother has a monthly salary of $1,500, mother is physically able to be employed, and he is responsible for the majority of the "financial burden" of raising their children.

"Code §§ 20-108.1 and 20-108.2 govern the method by which a trial court makes a child support determination and award." Princiotto v. Gorrell, 42 Va. App. 253, 258, 590 S.E.2d 626, 629 (2004).

Code § 20-108.1(B) provides in part:

> In any proceeding on the issue of determining child support under this title, . . . the court shall consider all evidence presented relevant to any issues joined in that proceeding. The court's decision in any such proceeding shall be rendered upon the evidence relevant to each individual case. However, there shall be a rebuttable presumption in any judicial or administrative proceeding for child support, including cases involving split custody or shared custody, that the amount of the award that would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded.

"Decisions concerning [child] support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).

Mother and father never married, have two children, and share physical custody of the children. Mother filed a request for child support. The juvenile and domestic relations district court entered an order requiring father to pay mother child support, and father appealed to the circuit court. On November 19, 2012, the circuit court held a hearing on the matter. According to the written statement of facts, mother testified she was not employed and received $1,000 per month in child support from father. According to the written statement of facts, the circuit court determined father's gross income, gave father credit for support payments for a child from another relationship, and gave father credit for the health insurance he pays for the children. According to the final order, the circuit court considered all the factors in Code § 20-108.2(D) and deviated from the shared custody guidelines due to mother's "poverty level." The circuit

court ordered father to pay "only" $1,000 per month because that was the amount mother requested.[1] Based upon a review of the circumstances in this case, the circuit court did not abuse its discretion in deviating from the shared custody guidelines in determining the amount of child support and in ordering father to pay mother $1,000 per month in child support.

ASSIGNMENT OF ERROR NUMBER 2

Father argues the trial court erred by failing to impute mother with income of at least the minimum wage due to mother's "bad act" of overstaying her visitor visa.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

The written statement of facts signed by the trial judge failed to show that father presented this argument to the trial judge. See Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (finding that the burden is upon the appellant to provide us with a record which substantiates the claim of error and we can consider only that which is contained in the written statement signed by the trial judge). Accordingly, Rule 5A:18 bars our consideration of this assignment of error.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

---

[1] According to the statement of facts, under the sole custody child support guidelines, the amount of child support would be $1,116 per month.

Based upon the foregoing, the trial court's decision ordering father to pay mother $1,000 per month in child support is summarily affirmed.

<u>Affirmed.</u>